UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:19-cv-63065-BB

RENEE MARO,

    Plaintiff,

v.

PRIMARY CARE PHYSICIANS OF HOLLYWOOD P.L. and WOUND CARE MANAGMEMNT SPECIALISTS, LLC.

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, PRIMARY CARE PHYSICIANS OF HOLLYWOOD P.L., and WOUND CARE MANAGEMENT SPECIALISTS, LLC., by and through their undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1], as follows:

### NATURE OF CASE

1. Defendants deny that any relief is available pursuant to Title VII, the FCRA, or any related basis claimed for relief. Defendants admit that Plaintiff attempts to bring this action under Title VII and the FCRA but explicitly deny that any cause of action lies under either statute, or in this action in general.

### JURISDICTION AND VENUE

2. Defendants deny that any relief is available pursuant to Title VII, the FCRA, or any related basis claimed for relief. Defendants admit that Plaintiff attempts to bring this action under Title VII and the FCRA but explicitly deny that any cause of action lies under either statute, or in this action in general.

3. Defendants deny that there is any valid cause of action, however, if there were, the Court would have jurisdiction under any claim brought pursuant to Title VII of the Civil Rights Act of 1964, Defendants admit that if a claim exists, which it does not, then pendent jurisdiction exists over the FCRA claims.

4. Defendants Admit that the proper venue is Broward County Florida, if any cause of action is found to exist. Defendants expressly deny all other allegations and implications of this paragraph.

5. Defendants are without independent knowledge to affirm or deny the truth of this allegation, as the document is not attached. As the document is not attached, the Case should be dismissed, and Defendant reserves the right to amend its answer/move to dismiss, after they obtain a copy of this document.

6. Defendants are without independent knowledge to affirm or deny the truth of this allegation, as the document is not attached. As the document is not attached, the Case should be dismissed, and Defendant reserves the right to amend its answer/move to dismiss, after they obtain a copy of this document.

7. Defendants are without knowledge to affirm or deny the truth of this paragraph, as said letter was not attached. As the document is not attached, the Case should be dismissed, and Defendant reserves the right to amend its answer/move to dismiss, after they obtain a copy of this document.

## **PARTIES**

8. Defendants are without individual knowledge to affirm or deny the residency of the Plaintiff.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied, there were several persons with the power to hire, fire and supervise Plaintiff, she was ultimately terminated by HR.

14. Admitted.

## STATEMENT OF FACTS

15. Denied that it was approximately October 31, 2017 that the Plalintiff was hired as the "Director of Sales and Marketing" and denied that Plaintiff was hired to be same for both Defendants on the same date.

16. Denied.

17. Denied.

18. Denied.

19. Denied that Plaintiff was owed an increased salary.

20. Denied.

21. Denied. Eleven Nightclub is an adult entertainment venue that Plaintiff decided, voluntarily to frequent with various other persons attending, including Dr. Issa, but this was not a corporate event. All other allegations of this paragraph are denied, it is expressly denied, as it is the Defendants position throughout, that any forceable, or unwelcome, touching of the Plaintiff happened at any time, including but not limited to at Eleven Nightclub, and/or any other venue/event/location/time.

22. Denied.

23. Admitted that Plaintiff entered a romantic relationship with Doctor Issa, denied, in the strongest possible sense, that the Plaintiff was in any way pressured to do so.

24. Denied.

25. Admitted.

26. Admitted, as to Company increase of Plaintiff's salary. Denied that any increase had any relevance to the mutually consensual relationship between Dr. Issa and Plaintiff.

27. Denied.

28. Admitted that Plaintiff was invited to Israel and agreed to go, denied that such agreement was reluctant.

29. Denied that Dr. Issa was adamant about no other employee knowing about the vacation. Admitted that Doctor Issa made the arrangements for the trip.

30. Denied.

31. Denied.

32. Admitted that Doctor Issa approved the leave request, denied that it was contingent on the Plaintiff attending a Humana Benefits Dinner with him.

33. Denied.

34. Denied that Dr. Issa did anything against the will and wishes of the Plaintiff. All allegations of this paragraph are denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied that proposals and advances were ever turned down, admitted that Doctor Issa was always willing to answer the questions of his employees.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied that Plaintiff experienced any discrimination.

49. Denied that Defendant retaliated or discriminated in any way.

50. Denied that there was any sexual harassment to act differential toward, further denied that if there was that same was brought to the attention of coworkers, HR, and other employees.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT I DISCRIMINATION UNDER TITLE VII

55. Defendant realleges and adopts, as if fully set forth herein, the affirmations and denials of the allegations stated in the above numerated paragraphs, 1-54.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Admitted.

62. Admitted, only to pay increase, all other allegations of this paragraph are denied.

63. Denied.

64. Denied that the Plaintiff was reluctant in agreeing to go.

65. Admitted that Dr. Issa booked the trip, all other allegations of this paragraph are denied.

66. Denied.

67. Denied.

68. Denied.

69. This is a recitation of law, to which no response is required.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied

75. Denied.

## COUNT II RETALIATION UNDER TITLE VII

76. Defendant realleges and adopts, as if fully set forth herein, the affirmations and denials of the allegations stated in the above numerated paragraphs, 1-54.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied that Ms. Harding was angry and upset, and that if she was it had any relation to any relationship between Plaintiff and Dr. Issa.

83. Denied.

84. Denied, that the Plaintiff could not go to Dr. Issa with questions at any point, admitted that Dr. Issa is available to his employees to answer questions.

85. Denied.

86. Denied.

87.  Denied.

88.  Denied.

89.  Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. This is a recitation of law to which no response is required.

96. Denied.

97. Denied.

98. Denied

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## **COUNT III DISCRIMINATION UNDER STATE LAW**

103. Defendant realleges and adopts, as if fully set forth herein, the affirmations and denials of the allegations stated in the above numerated paragraphs, 1-54.

104. Denied.

105. Denied.

106. Denied that Plaintiff felt any pressure to enter into a relationship.

107. Denied.

108. Admitted.

109. Admitted, to a pay increase only, all other allegations of this paragraph are, expressly, denied.

110. Denied.

111. Denied that Plaintiff was reluctant, admitted Plaintiff was invited on vacation.

112. Admitted that Dr. Issa booked the trip, all other allegations of this paragraph are denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. This is a recitation of law to which no response is required.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

## COUNT IV RETALIATION UNDER STATE LAW

125. Defendant realleges and adopts, as if fully set forth herein, the affirmations and denials of the allegations stated in the above numerated paragraphs, 1-54.

126. Denied.

127. Denied.

128. Denied that the vacation time was dependent on accompanying Dr. Issa to a Humana Benefits Dinner.

129. Denied.

130. Denied.

131. Denied that Ms. Harding was angry and upset, and that if she was it had any relation to any relationship between Plaintiff and Dr. Issa.

132. Denied.

133. Denied that Dr. Issa would no longer answer questions, admitted that Dr. Issa willingly takes questions from employees.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Compliant, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by Defendants for legitimate, non-discriminatory, non-pretextual reasons.

### Second Affirmative Defense

Assuming that, Defendants' agent committed any of the acts alleged in the Complaint, Defendants' agent did not do so for the purposes of exploiting an imbalanced work-related relationship.

### Third Affirmative Defense

Plaintiff is estopped from claiming any damages arising from a relationship between herself and Dr. Issa, in that the Plaintiff's own actions, and course of conduct, contributed to any alleged harm from any relationship alleged within the Complaint.

### Fourth Affirmative Defense

Plaintiff may not seek recovery for any complaint, cause of action, or other alleged basis of recovery, not alleged in her EEOC Complaint.

### Fifth Affirmative Defense

Plaintiff was not terminated as a result of a relationship with any person in the Defendants' employ, termination of the Plaintiff would have occurred regardless of any alleged relationship, for the legitimate non-discriminatory, non-pretextual reason that Plaintiff failed to fulfill her duties as an employee, through absences from required meetings with third parties.

### Sixth Affirmative Defense

Plaintiff is estopped from pursuing the claims of the Complaint, and each purported claim therein, by reason of the Plaintiff's own actions and course of conduct. Specifically, Plaintiff participated in a voluntary and fully consensual romantic relationship with Doctor Issa.

### Seventh Affirmative Defense

Plaintiff waived the right, if any, to pursue the claims in the Complaint, and each purported claim contained therein, by reason of her own actions and course of conduct. Specifically, Plaintiff participated in a voluntary and fully consensual romantic relationship with Doctor Issa.

### Eighth Affirmative Defense

The Complaint, and each purported claim contained therein, is barred by the doctrine of laches.

### Ninth Affirmative Defense

The Complaint, and each purported claim therein, is barred, in whole, or in part, by the doctrine of unclean hands. Specifically, Plaintiff participated in a voluntary and fully consensual romantic relationship with Doctor Issa.

### Tenth Affirmative Defense

The Complaint, and each purported claim therein, is barred, in whole or in part, because Defendants exercised reasonable care to prevent, any alleged inappropriate, or retaliatory, behavior. Specifically, by having a human resources department, and policies, for the exact situation described within the complaint.

### Eleventh Affirmative Defense

Plaintiff is prohibited by law from pursuing all, or most, of her claims, in that the Defendants had an established administrative remedy which the Plaintiff did not engage, nevertheless, exhaust. Hence, the Plaintiff is barred from bringing all, or most, of this action for failure to exhaust administrative remedies.

### Twelfth Affirmative Defense

To the extent that any behavior was reported to Defendants, same was prevented and remedied promptly.

### Thirteenth Affirmative Defense

The Complaint, and each purported claim therein, is barred, in whole or in part, because Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm or otherwise.

### Fourteenth Affirmative Defense

To the extend that any of the alleged wrongs were committed by others, any and all such claims are barred as against Defendants in their entirety. Such as an employee acting outside of the scope of their employment.

### Fifteenth Affirmative Defense

The Complaint, and each purported claim contained therein, is barred to the extent it would impermissibly require for proof the admission into evidence of subsequent remedial measures not admissible to prove culpable conduct in connection with the events under Federal Rule of Evidence 407.

### Sixteenth Affirmative Defense

Plaintiff's Title VII claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000(e) *et. seq*.

### Eighteenth Affirmative Defense

To the extent that Plaintiff makes allegations under Title VII with respect to a time period more than 300 days before Plaintiffs and putative class members allegedly filed a charge with the Equal

Employment Opportunity Commission ("EEOC"), or which were not made the subject of a timely EEOC charge, such allegations or claims are barred. 42 U.S.C. §§ 2000(c)-(e).

### Nineteenth Affirmative Defense

To the extent that Plaintiff makes allegations, or claims, under Title VII and failed to file a civil action within ninety (90) days after receiving notice of a right to sue form the EEOC, such allegations or claims are barred. 42 U.S.C. §§ 2000e-5(f).

### Twentieth Affirmative Defense

Plaintiff's Title VII claims are barred, to the extent that the allegations contained therein, do not reasonably fall within the scope of claims made in any administrative charge timely filed by Plaintiff with the EEOC.

### Twenty-First Affirmative Defense

Insofar as any of the Defendants hiring, termination, discipline, transfer, compensation, or promotion policies, or any other policy or procedure utilized by Defendants, has had an adverse effect on Plaintiff, such policies or practices are lawful, nevertheless, because they are job related and consistent with business necessity. 42 U.S.C. §§ 2000e *et seq.*

### Twenty-Second Affirmative Defense

Plaintiff Title VII claims are barr4ed because any alleged differential treatment of Plaintiff by Defendant was undertaken pursuant to a bona fide merit system, bona fide disciplinary system, bona fide seniority system, or bona fide factors other than gender, relationship status, race, or national origin. 42 U.S.C. § 2000e-2(h).

### Twenty-Third Affirmative Defense

Plaintiff's claims may be barred by the doctrine of after-acquired evidence, as it appears the failure to meet all job obligations, including attendance obligations, may not have been known at the time of termination, but would have resulted in termination nonetheless.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred to the extent that she failed to file an EEOC charge within 180 days of the alleged discriminatory or retaliatory actions, or as to any actions not filed upon within 180 days.

### Twenty-Fifth Affirmative Defense

To the extent that the Plaintiff has filed for Bankruptcy and failed to disclose her claims to the bankruptcy court, her claims are barred by estoppel.

### Twenty-Sixth Affirmative Defense

The Defendants affirmatively assert that they engaged in good faith efforts to comply with the law. *Kolstad v. American Dental Ass'n,*, 527 U.S. 526 (1999)

### Twenty-Seventh Affirmative Defense

Defendants' actions toward Plaintiff were taken based on bona fide occupational qualifications.

### Twenty-Eighth Affirmative Defense

The Defendants state that, even if the Plaintiff is able to prove that a prohibited factor motivated the Defendants' alleged employment action, which Defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claim must fail.

### Twenty-Nineth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because the Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities.

### Thirtieth Affirmative Defense

The Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

### Thirty-First Affirmative Defense

Plaintiff may not recover the same damages twice, hence any award for the same damages under FCRA must be offset by any award for the same damages under Title VII.

### Thirty-Second Affirmative Defense

This action should be dismissed as paragraph five of the Complaint states that on "October $4_{th}$, 2018 Plaintiff dual-filed charges with the EEOC and FCHR against Defendants as set forth herein" but did not attach same to the Complaint. As the central controlling document in the litigation this document should have been attached to the complaint, and, at a minimum, Defendants reserve the right to amend, and move to dismiss certain claims, upon the discovery of this document.

### Thirty-Third Affirmative Defense

This action should be dismissed as paragraph six states "ON or about September 12, 2019, the EEOC issued Plaintiff a Right to Sue Letter." Which is not attached to the Complaint. As a central controlling document in the litigation this document should have been attached to the complaint,

and, at a minimum, Defendants reserve the right to amend, and move to dismiss certain claims, upon the discovery of this document.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees.

Respectfully, Dated, this 14th day of March, 2020.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendant*
>200 S. Andrews Ave, Suite 900
>Fort Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail:    jhs@lubellrosen.com
>
>By: *s/Joshua H. Sheskin*
>    Joshua H. Sheskin, Esquire
>    Florida Bar No. 93028